## CHAMBERLAIN & TAPP *v.* W. J. BREWER, ETC.

**Trials—Law and Facts Submitted to Court.**

Where the law and facts are submitted to the court it acts in the double capacity of judge and jury, and its finding is entitled to the weight of the verdict of a jury, which will not be disturbed unless palpably against the evidence.

**Sheriffs and Constable—Bond Void Where Sureties Were Induced to Sign the Bond Under Misapprehension.**

If Watkins and other sureties of the sheriff were induced to believe that the name of Brewer, affixed to the bond before their signatures, was his act and deed, and the same was not his act, and did not bind him, then their own attempted execution of the bond was not obligatory on them.

### APPEAL FROM HENRY CIRCUIT COURT.

October 6, 1871.

OPINION BY JUDGE HARDIN:

This case is here for the third time in this court on the appeal of the present appellants. The decision of the first appeal (3 *Bush* 561) was in effect, that if Watkins and other sureties of the sheriff were induced to believe that the name of D. L. Brewer, affixed to the bond before their own signatures, was his act and deed, and that the same was not his act and did not bind him, then their own attempted execution of the bond was not obligatory on them. A trial of the case in conformity to that decision resulted in a judgment for the defendants, which in an opinion manifesting much hesitation a majority of this court reversed, and remanded the cause with instructions to bring the representative of D. L. Brewer before the court; which was done, and upon another trial on the evidence previously adduced and additional testimony for the defendants, a judgment was again rendered for them.

In view of the fact that the court to which the law and facts were submitted acted in the double capacity of judge and jury, and its judgment is entitled to the weight of the verdict of a jury, which ought not to be disturbed unless palpably against

the evidence; and that that is the same decision of the court below, in favor of appellants on the facts, we do not feel at liberty in view of all the evidence to reverse the judgment. Therefore the judgment is affirmed.

Judge Pryor not sitting.

*Pryor & Barber, for appellants.*

*Scott, for appellee.*